IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Browning, ) | C/A No. 0:18-2790-RBH-PJG |
| Plaintiffs, ) | |
| v. ) | **ORDER REGARDING** |
| ) | **AMENDMENT OF COMPLAINT** |
| Neil McGowan; Melinda Haney; Jennifer Lawson, ) | |
| Defendants. ) | |

The plaintiff, David Browning, a self-represented state pretrial detainee, brings this civil rights action.[1] Plaintiff files this Complaint pursuant to 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). By order dated December 5, 2018, the court identified deficiencies in Plaintiff's Complaint that will subject the case to summary dismissal. (ECF No. 12.) In response, Plaintiff filed an Amended Complaint. (ECF No. 14.) However, having reviewed the Amended Complaint in accordance with applicable law, the court finds this action is still subject to summary dismissal if Plaintiff does not amend the Amended Complaint to cure the deficiencies identified herein.

**I.    Factual and Procedural Background**

In the original complaint Plaintiff, an inmate at the Union County Detention Center, alleged that his jail cell was infested with bugs that bit him in his sleep. (Compl., ECF No. 1 at 6.) He alleged that he was bitten in the face by bugs on the night of April 29, 2018, causing an infection. (Id. at 6, 13.) He alleged the infection went untreated, and eventually led to a total loss of hearing

---

[1] By order dated October 26, 2018, the court directed that Otis Jefferson Smith be terminated as a Plaintiff in this case. (ECF No. 8.) Thus, David Browning is the only Plaintiff in this matter.

Page 1 of 6



and migraines. (Id. at 6.) Plaintiff indicated that he brought these claims pursuant to 42 U.S.C. § 1983 for damages, based on the defendants' purported "medical negligence" and failure to ensure safe living conditions. (Id. at 14.)

In the Amended Complaint, Plaintiff again alleges bugs bit him while he was sleeping, causing him injury. (Am. Compl., ECF No. 14 at 5-6.) He claims he told Officer Littleton about the bite and, while Littleton said Plaintiff should go to the hospital, the "officer in charge" said no. (Id. at 6.) Plaintiff does not identify the officer in charge. Plaintiff also alleges that he has received antibiotics from a nurse but they are not helping. (Id.) Plaintiff claims he needs a different form of medical treatment. (Id.) Plaintiff expressly raises claims pursuant to 42 U.S.C. § 1983 for pain and suffering, cruel and unusual punishment, poor living conditions, and over-crowding.[2] (Id. at 4.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States,

---

[2] Unlike the original complaint, Plaintiff does not name Eric Delaney as a defendant in the Amended Complaint, nor does he appear to seek to raise a cause of action for medical malpractice or negligence.

566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

The court finds Plaintiff's case is still subject to summary dismissal for failure to state a claim if he does not amend the Amended Complaint, for the same reasons the court found the original complaint was deficient. A legal action under 42 U.S.C. § 1983 allows "a party who has

been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In the Amended Complaint, Plaintiff fails to allege any facts about the named defendants that would show that they had any involvement in the purported unsafe living conditions and lack of medical care that Plaintiff. See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section.' ") (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)). Because Plaintiff does not explain how the named defendants were involved in the purported violation of Plaintiff's rights, Plaintiff fails to meet the federal pleading standards. See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support).

Consequently, the Amended Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus

PJG

three days for mail time) to file a **second amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.³ In a contemporaneously issued order, the court has again provided Plaintiff with instructions to bring this case into proper form for initial review and the issuance and service of process. If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal **with prejudice** pursuant to 28 U.S.C. § 1915 and § 1915A. See Workman v. Morrison Healthcare, 724 F. App'x 280, 281 (4th Cir. 2018) (in a case where the district court had already afforded the plaintiff an opportunity to amend, directing the district court on remand to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order") (citing Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 630 (4th Cir. 2015)).

  **IT IS SO ORDERED**.

                           _____
                           Paige J. Gossett
                           UNITED STATES MAGISTRATE JUDGE

January 29, 2019
Columbia, South Carolina

  *Plaintiff's attention is directed to the important WARNING on the following page.*

---

  ³ Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A and § 1915A. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).