# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| David Browning, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 0:18-cv-2790-JMC |
| ) | |
| v. ) | |
| ) | |
| Neil McGowan, Melinda Haney, ) | **ORDER** |
| and Jennifer Lawson, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on February 27, 2019 (ECF No. 29). The court **ACCEPTS** the Magistrate Judge's Report and incorporates it herein by reference. For the reasons set out in the Report, the court **DISMISSES** the Complaint with prejudice and without issuance of service of process.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 29 at 1–2.) As brief background, on October 15, 2018, Plaintiff, proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action asserting claims of "medical negligence, medical malpractice, emotional duress, legal malpractice[,] general population health risk, pain and suffering[,] bug infestation, [and] access to courts." (ECF No. 1 at 5.) On December 5, 2018, the Magistrate Judge entered a Proper Form Order, advising Plaintiff to "correct deficiencies identified by the court that would warrant summary dismissal of the Complaint . . . with prejudice pursuant to 28 U.S.C. § 1915 and § 1915A" by December 27, 2018. (ECF No. 11; ECF No. 29 at 1.) Plaintiff filed an Amended Complaint on December 17, 2018.

(ECF No. 14.) On January 30, 2019, the Magistrate Judge entered a second Proper Form Order, advising Plaintiff to "correct deficiencies identified by the court that would warrant summary dismissal of the Complaint and Amended Complaint" by February 13, 2018. (ECF No. 29 at 1.) Specifically, Plaintiff had "failed to allege any facts in the Complaint or Amended Complaint about the named [D]efendants that would show they had any involvement in the purported unsafe living conditions and lack of medical care of which Plaintiff Complained." (ECF No. 19; ECF No. 29 at 1, 2.) Plaintiff filed a Second Amended Complaint on February 11, 2019. (ECF No. 23.)

The Magistrate Judge entered her Report on February 27, 2019. (ECF No. 29.) The Magistrate Judge found that "the Second Amended Complaint still fails to state a viable claim for the same reasons identified in the court's previous orders. Plaintiff still fails to provide any facts that would show that the named Defendants are in any way involved in the purported constitutional violations." (*Id.* at 2.) Thus, the Magistrate Judge recommends dismissing this matter with prejudice and without issuance of service of process. (*Id.* (citing *Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (in a case where the district court had already afforded the plaintiff an opportunity to amend, directing the district court on remand to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order")).)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District Court of South Carolina. The Magistrate Judge only makes a recommendation to this court; the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This court engages in a de novo review of those portions of the Report and Recommendation to which the parties have

2

made specific objections. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

On February 27, 2019, as part of the Report, the Magistrate Judge notified the parties of their right to file objections by March 14, 2019. (ECF No. 29 at 4.) Neither of the parties filed any objections to the Report by this date. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendations without modification. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Absent objections, the court must only ensure that there is no clear error on the face of the record in order to accept the recommendations. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). If a party fails to file specific, written objections to the Report, the party forfeits the right to appeal the court's decision concerning the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Accordingly, since none of the parties filed any objections to the Report, and the court observes no clear error on the face of the record, the court accepts the Magistrate Judge's Report. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report and Recommendation provides an accurate summary of the facts and law in this case. Accordingly, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 29) and incorporates it herein by reference. For the reasons set out in the Report, the court

**DISMISSES** with prejudice Plaintiff's Complaint, Amended Complaint, and Second Amended Complaint (ECF Nos. 1, 14, and 23) with prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 22, 2019
Columbia, South Carolina